UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MILTON BREHMER,                )
                               )
          Plaintiff,           )
                               )
     v.                        )   No. 1:19-cv-02470-JPH-TAB
                               )
ROLLS ROYCE CORP.,             )
                               )
          Defendant.           )

**ORDER ON SANCTIONS**

## I. Introduction

Counsel are expected to be well prepared for Court appearances. This means, at a minimum, that counsel carefully review the order setting the conference to ensure the proper individuals appear at the conference and that the attorney can appropriately address the topics the Court needs to explore. As this case demonstrates, counsel who show up in Court unprepared waste valuable time and subject themselves to sanctions.

## II. Background

The Court held an initial pretrial conference in this matter on September 10, 2019, at which counsel Keenan Wilson of John H. Haskin & Associates, LLC, appeared for Plaintiff. Wilson arrived ill-prepared to address critical facts in his client's case. The Court's order setting the initial pretrial conference required counsel attending the conference to be familiar with and prepared to discuss both the facts and legal issues in the case. [Filing No. 13, at ECF p. 2.] In addition, the order stated that counsel "should expect to be asked specific questions concerning the case, and should be prepared to set forth all known facts that support any issue, claim, or defense[.]" [Filing No. 13, at ECF p. 2.] Plaintiff's underlying claim is race discrimination.

[Filing No. 15.] But at the initial pretrial conference, Wilson did not have knowledge of essential facts to support Plaintiff's claim. For instance, although Wilson claimed Plaintiff was never disciplined prior to his termination, Defendant presented a lengthy write-up of Plaintiff detailing many alleged problems with his performance. Wilson also claimed Plaintiff was treated less favorably than similarly situated persons, yet Wilson could not identify a single comparator.

Given Wilson's lack of grasp on these critical facts, the Court set the matter for a follow up conference on November 7, 2019. The Court ordered both Plaintiff and Plaintiff's counsel to appear in person at the November 7 conference with Defendant's counsel, and for Defendant's representative to appear by phone. The Court advised counsel of these requirements at the initial conference, and the Court's written order approving the Case Management Plan explicitly stated this as well. [Filing No. 21, at ECF p. 9.] However, Wilson failed to inform his client that the Court ordered Plaintiff to appear. Thus, at the November 7 pretrial conference, Wilson was present but Plaintiff failed to appear. Defendant's counsel was also present, and Defendant's representative appeared by phone as ordered.

The Court had ordered Plaintiff to appear with his counsel at the follow up November 7 pretrial conference so that the Court could carefully explore topics critical to the management and development of this case, such as Plaintiff's alleged performance problems and whether Plaintiff could identify any valid comparators. Thus, Plaintiff's lack of appearance negatively impacted the conference's success. Moreover, as of the November 7 pretrial conference, Wilson had not served any discovery requests in the case or taken any additional steps to gather the information the Court sought at the initial pretrial conference and that counsel should have reasonably anticipated would be pertinent to the follow-up November 7 pretrial conference.

Therefore, the Court ordered Wilson to show cause as to why Plaintiff and Wilson should not be sanctioned based upon Plaintiff's failure to appear for the November 7 pretrial conference and Wilson's lack of adequate preparation for both conferences. [Filing No. 25.] On November 20, 2019, Wilson filed a response to the Court's show cause order. [Filing No. 26.] Wilson alleges "excusable neglect" led to his "shortcoming," while also noting that he has gotten into the "regrettable habit" of overlooking a rather critical component of the CMP order. [Filing No. 26, at ECF p. 1-2.] Wilson notes that his oversight was his mistake and should not be held against Plaintiff himself. [Filing No. 26, at ECF p. 3.] He also claims that he has "taken measures to ensure it will not happen again." [Filing No. 26, at ECF p. 3.]

### III.     Discussion

Rule 1 of the Federal Rules of Civil Procedure stands for the principle that the Court should play an active case management role to ensure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court's role is to help facilitate resolution of a case, which necessarily includes determining the direction the case is going and focusing efforts accordingly. "District courts have broad authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018) (internal citation and quotation marks omitted).

An important case management tool of the Court is Rule 16 pretrial conferences. These conferences serve many purposes, including:

> (1) expediting disposition of the action;
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities;
> (4) improving the quality of the trial through more thorough preparation; and
> (5) facilitating settlement.

Fed. R. Civ. P. 16(a). Lawyers who attend these conferences must be well prepared and must ensure they are in full compliance with the order setting these conferences. When lawyers are unprepared or ignore Court orders, it undermines the rules and the dispute resolution process.

The Court, on motion or on its own, may issue sanctions under Fed. R. Civ. P. 16(f) if a party or counsel fails to appear at a conference, is substantially unprepared to participate in a conference, or fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(A)-(C). *See also Castelino v. Rose-Hulman Inst. of Tech.*, No. 2:17-cv-139-WTL-MJD, 2018 WL 4519401, at *5 (S.D. Ind. April 25, 2018) ("Imposition of sanctions pursuant to Rule 16(f) does not require a showing of bad faith, willfulness, or contumaciousness—instead, mere negligence will suffice." (Internal citation and quotation marks omitted)), *report and recommendation adopted as modified*, No. 2:17-CV-139-WTL-MJD, 2018 WL 4443001 (S. D. Ind. Sept. 18, 2018), *appeal dismissed*, No. 19-1719, 2019 WL 5212232 (7th Cir. May 20, 2019). Here, Plaintiff failed to appear at the pretrial conference after Wilson failed to obey a scheduling order that specifically required his client to appear at the next conference. In addition, Wilson was wholly unprepared to participate in the September 10 initial pretrial conference and inadequately prepared at the November 7 follow up conference.

In response to the order to show cause, Wilson first addresses the September 10 initial pretrial conference and contends that any shortcoming at that conference "was excusable neglect caused by a busy case load, and caused the Defendant little to no prejudice and therefore should not be sanctioned." [Filing No. 26, at ECF p. 1.] The Court is also busy, and the Court's resources are scarce. As Chief Judge Jane Magnus-Stinson noted in a recent article in the Indiana Lawyer: "It's no secret that the current case load of the Southern District of Indiana is at an all-time high. Civil filings for the 2019 fiscal year totaled 6,328 cases and criminal filings are

4

likewise at unprecedented levels." Chief Judge Jane Magnus Stinson, *IndyBar: Southern District of Indiana, We Have a Problem*, The Indiana Lawyer, November 13, 2019, available at https://www.theindianalawyer.com/articles/indybar-southern-district-of-indiana-we-have-a-problem. The Court does not have time for unprepared lawyers or to conduct multiple conferences on matters that should have been resolved the first time.

Wilson noted in his response to the show cause order that the Court expressed disappointment in counsel's preparation for the initial pretrial conference at that conference and indicated a second pretrial conference would be set. [Filing No. 26, at ECF p. 1.] Wilson further stated: "The Court apparently also discussed Plaintiff being present at this second conference, but the undersigned either did not hear this or misunderstood it." [Filing No. 26, at ECF p. 2.] As noted above, the Court expressly advised counsel of this order at the initial pretrial conference. In addition, the Court put this language in the order approving the CMP. [Filing No. 21, at ECF p. 9.]

In relation to this order, Wilson states that he "reviewed the case management plan and calendared all upcoming events, including the second pre trial conference." [Filing No. 26, at ECF p. 2.] However, Wilson also admits that he "overlooked" the last page of the order approving the CMP "through excusable neglect." [Filing No. 26, at ECF p. 2.] Wilson claims: "In many cases this section of the CMP is not used by the court and the undersigned had fallen into the regrettable habit of overlooking it. The undersigned has learned his lessen 'the hard way' regarding this page." [Filing No. 26, at ECF p. 2.][1]

---

[1] While it may not be the case for every individual judge of the Southern District, the undersigned magistrate judge always uses this particular page when issuing orders approving CMPs.

Furthermore, Wilson claims that the September 18 order approving the Case Management Plan stated: "Discovery due by 4/20/2020. Dispositive Motions due by 6/19/2020. Pretrial Conference set for 11/7/2019 at 9:00 AM in room #234, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Tim A. Baker to discuss settlement and plaintiff's alleged comparator employees in this case." [Filing No. 26, at ECF p. 2.] However, this text entry is not the order.[2] This text entry just describes what is in the order. Counsel must always read the actual, underlying order.

Wilson's blatant disregard for the content of the Court's order reflects the troubling practice of lawyers not personally reading Court orders in their entirety, or, as it appears occurred in this case, simply reading the text of a Court entry on CM/ECF but failing to click on and read the order itself. Indeed, on the same day that Plaintiff failed to appear for the pretrial conference and his counsel was unprepared, a similar incident occurred in another case before the undersigned. *See* Order on November 7, 2019, Pretrial Conference, *Isbell v. Aldi Indiana LP*, 1-19-cv-1984-RLY-TAB (S.D. Ind. Nov. 7, 2019) [Filing No. 24]. Such troubling practice is hardly new. *See, e.g.,* Order, *Maxey v. Access Therapy*, 1-16-cv-1286-TWP-TAB (S.D. Ind. Nov. 3, 2017) [Filing No. 31] ("The latest developments in this case reflect what the undersigned believes is a continuing and troubling trend of ignoring Court-ordered deadlines and

---

[2] This text entry was edited by Court staff within two hours of when it initially appeared on CM/ECF to reflect a change in the language of the entry from "to discuss settlement and plaintiff's alleged comparator employees in this case" to "to discuss case status and settlement." The order approving the CMP itself was also edited to reflect this minor change. As a courtesy, chambers staff sent an email to counsel for both sides as notification of this change. However, the order always contained language directing Plaintiff and Plaintiff's counsel to appear at the second pretrial conference and for Defendant to appear by counsel, with the client representative by phone. [Filing No. 21, at ECF p. 9.] Defendant and Defendant's representative had no issues following these instructions—and pointed out to Wilson that his client was supposed to be present when it became apparent that Plaintiff failed to appear.

instructions."). Lawyers' careless inattention to their obligations as counsel of record results in wasted time and judicial resources and adds unnecessary delay and expense to underlying litigation. This Court's busy docket has no allowance for wasted time. Litigation should not be delayed and made more expensive because of lawyer carelessness.

Wilson also contends that since "each pretrial conference was brief and required minimal preparation for defendant's counsel, any prejudice suffered by the Defendant was minimal." [Filing No. 26, at ECF p. 3.] This statement is, at best, a mischaracterization. The initial pretrial conference and follow up pretrial conference were not intended to be lengthy proceedings. Irrespective of this fact, as set forth above Rule 16 conferences serve an important function and greatly facilitate the Court's management of a case. In this case, the conferences' lengths were needlessly truncated due to Wilson's shortcomings.

Therefore, Fed. R. Civ. P. 16(f) sanctions are appropriate. Wilson contends that his mistake should not be held against Plaintiff, given that Wilson "never communicated to the Plaintiff that he was to be present at the second pretrial conference because [counsel] mistakenly believed the Plaintiff had not been ordered to appear." [Filing No. 26, at ECF p. 3.] The Court agrees. Because Plaintiff was not informed by his counsel about the Court's order that he appear at the conference, it is not appropriate to sanction Plaintiff personally.

The question, then, is what sanctions are appropriate? The Court, in its discretion, may impose whichever sanction it feels is appropriate under the circumstances. *See, e.g., Koehn v. Tobias*, 866 F.3d 750, 752 (7th Cir. 2017) (district court decision to impose sanctions under Rule 16(f) reviewed "for an abuse of discretion."); *Long v. Steepro*, 213 F.3d 983, 985-86 (7th Cir. 2000) ("We review a district court's dismissal of an action pursuant to Federal Rule of Civil Procedure 16(f) for an abuse of discretion. . . . The choice of appropriate sanctions is primarily

the responsibility of the district court, however, the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." (Internal citations and quotation marks omitted)); *Exe v. Fleetwood RV, Inc.*, No. 1:11-CV-70-TLS, 2016 WL 305080, at *2 (N.D. Ill. Jan. 26, 2016) ("Ultimately, the imposition of sanctions, as well as the nature of such sanctions, is a matter committed to the court's discretion.").

In this case, Wilson is admonished for his shortcomings. Additionally, Wilson should be required to reimburse Defendant's counsel for attorneys' fees and costs incurred in preparing for and attending both the initial pretrial conference and the follow up pretrial conference. Defendant has seven days to request these fees and costs from Wilson. Wilson then has seven days to respond to and resolve any such request. If Defendant is not satisfied with Wilson's response, Defendant shall file a motion for fees within 21 days of this order.[3] Finally, Wilson indicates in his response to the Court that he "regrets his mistake and has taken measures to ensure it will not happen again." [Filing No. 26, at ECF p. 3.] The Court requires Wilson to certify under Rule 11 precisely what measures he took as of the date of that writing. Wilson shall file this certification within seven days.

---

[3] Fees related to a motion for fees and costs are also reimbursable. *See, e.g., Nevins v. Med-1 Solutions, LLC*, No. 1:18-cv-763-JMS, 2018 WL 5118437, at *5 (S.D. Ind. Oct. 22, 2018) ("In a typical fee-shifting scenario, plaintiffs may recover fees incurred during fee litigation.").

**IV. Conclusion**

The Court takes no pleasure in imposing sanctions. Yet the Court cannot simply look the other way when counsel ignore Court orders and needlessly delay the judicial process. Accordingly, Plaintiff's counsel is sanctioned for the reasons and in the manner described in this order.

Date: 12/10/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

John H. Haskin
JOHN H. HASKIN & ASSOCIATES, LLC
jhaskin@jhaskinlaw.com

Koryn Michelle McHone
BARNES & THORNBURG, LLP (Indianapolis)
kmchone@btlaw.com

R. Anthony Prather
BARNES & THORNBURG, LLP (Indianapolis)
tony.prather@btlaw.com

Keenan D. Wilson
JOHN H. HASKIN & ASSOCIATES, LLC
kwilson@jhaskinlaw.com